# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, ) | 1:10-cv-01440 AWI GSA |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATIONS** |
| ) | **REGARDING PLAINTIFF'S** |
| ) | **APPLICATION FOR DEFAULT** |
| v. ) | **JUDGMENT** |
| ) | |
| ARICA CARRANZA, et al., ) | (Document 11) |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

On December 14, 2010, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") filed the present Application for Default Judgment by the Court against Defendants Arica Carranza, individually and d/b/a Hero's Sports Bar and Hero's Sports Lounge & Pizza Company, Inc. (Doc. 11.) A hearing was held on January 21, 2011, before the Honorable Gary S. Austin. John Duffy, Esq. specially and personally appeared for Thomas P. Riley, Jr. on behalf of Plaintiff. No appearance was made by or on behalf of Defendants.

//

//

1

## BACKGROUND

Plaintiff filed the instant action on August 11, 2010. (Doc. 1.) Defendants were served with the summons and complaint by substitute service at Defendant Carranza's business address of 821 L Street in Modesto, California. (Docs. 5 & 6.) The complaint alleges violations of Title 47 of the United States Code sections 605 and 553. Plaintiff also alleges a state law claim of conversion. (Doc. 1.)

Defendants did not answer or otherwise respond to the complaint. Following a request by Plaintiff, on September 24, 2010, the Clerk of the Court entered default against all Defendants. (Docs. 7 & 8.)

Plaintiff filed the instant application for default judgment on December 14, 2010. Plaintiff requests that the Court enter default judgment against Defendant in the amount of $112,400.00. Defendants have neither opposed this motion nor appeared in this action, despite having been served with all related pleadings via United States Mail.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides that judgment may be entered:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe and Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

## DISCUSSION

Service of summons and complaint upon Defendants in this action was made on August 23, 2010.  True and correct copies of the proofs of service were filed with this Court on September 2, 2010.  (Docs. 5 & 6.)  Defendants have failed to respond to the complaint.  The Clerk of the Court entered default as to all Defendants on September 24, 2010. (Doc. 8).  Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Doc. 11-2 at ¶ 3.)

Plaintiff seeks judgment pursuant to Title 47 of the United States Code section 605 against Defendants for unlawfully intercepting, receiving and exhibiting the *Strikeforce: Carano v. Cyborg*, on August 15, 2009, at Defendant Carranza's restaurant in Modesto, California.  Plaintiff's complaint seeks $170,000 in damages, along with compensatory damages.  (Doc. 1).  Plaintiff's application for default judgment requests statutory and enhanced damages in the amount of $110,000, as well as $2,400 for state law conversion.  (Doc. 11.)

Plaintiff seeks an award of statutory damages pursuant to the provisions of Title 47 of the United States Code section 605, which addresses unauthorized publication or use of wire or radio communications:

> (a) . . . no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney. . .. No person not being authorized by the sender shall intercept any radio communication and divulge or

3

publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

An aggrieved party is authorized to obtain statutory damages of "not less than $1,000 or more than $10,000, as the court considers just" for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, the court may award enhanced damages up to $100,000 for each violation if it finds the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605 (e)(3)(C)(ii).

Plaintiff is a closed-circuit distributor of sports and entertainment programming that purchased and retained the commercial exhibition licensing rights to the program at issue. Plaintiff marketed the sub-licensing (commercial exhibition) rights in the program to its commercial customers. Plaintiff contends that persistent signal piracy of its programming costs the company, its customers, and the community millions of dollars annually. Plaintiff requests the maximum award of statutory damages, or $10,000.00. (Doc. 11 at 6-9.) *See* 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff also seeks enhanced damages. (Doc. 11 at 9-14.) *See* 47 U.S.C. § 605 (e)(3)(C)(ii).

Here, the summons and complaint were served upon Defendant Arica Carranza by substitute service on Marty Valdez, the person in charge of Carranza's business, on August 23, 2010. (*See* Doc. 6.) Fed. R. Civ. Proc. 4(e)(1). Additionally, Defendant Hero's Sports Lounge & Pizza Company, Inc. was also served on August 23, 2010, via substitute service on Marty Valdez. (*See* Doc. 5.) Subdivision (h)(1) of Rule 4 of the Federal Rules of Civil Procedure, provides as follows:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for servicing an individual; or
> (B) be delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant . . ..

Thus, it appears that Defendants' defaults were properly entered, and the complaint is sufficiently well-pled. By their default, Defendants have admitted to willfully violating the referenced statutes for purposes of commercial advantage.

Although deterrence of future violations are important objectives of the statute, the facts before the Court indicate that while Defendants' establishment may seat up to 400 people, the three separate counts taken by Investigator Gary Gravelyn evidence very few patrons in attendance at this event, to wit: 11/13/13 persons, respectively. Gravelyn rated the establishment at 821 L Street in Modesto, California, as "good" and noted it contained two "large projector flat" television sets located in an upstairs banquet room. Gravelyn was present briefly between the 7:55 p.m. and 8:00 p.m. on August 15, 2009, and noted that a cover charge was not required. (*See* Doc. 11-3.) Given the relatively minimal impact of Defendants' actions, the Court finds that an award of $10,000 in statutory damages and $20,000 in enhanced damages is reasonable.

Plaintiff also seeks $2,400.00 in conversion damages, the value of the property at the time of the conversion. (Doc. 11-1 at 15.)

Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581, 35 Cal.Rptr.3d 684 (2005) (internal quotation marks omitted); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906

(9th Cir.1992).  "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant."  *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1, 98 Cal.Rptr.3d 231 (2009).  Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion.  *See Don King Prods./Kingvision v. Lovato*, 911 F.Supp. 419, 423 (N.D. Cal. 1995); *see also DIRECTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1189 (E.D. Cal. 2005) (concluding that the "right to distribute programming via satellite" constituted a "right to possession of personal property" for purposes of a conversion claim under California law).

Here, Plaintiff was granted the exclusive domestic commercial exhibition licensing rights to the program at issue, and thus had the right to possession of the property at the time of the conversion.  Because Defendants did not legally purchase the pay-per-view programming, the exhibition of the fight in Hero's Sports Bar at 821 L Street, Suite B in Modesto, California, on August 15, 2009, constituted Defendants' conversion by a wrongful act or disposition of property rights.  Plaintiff asserts that Defendants would have been required to pay the sum of $2,400.00 had they legally ordered the pay-per-view program from Plaintiff.  (Doc. 11-1 at 15.)  Thus, Plaintiff is entitled to damages for conversion in the amount of $2,400.00.

**RECOMMENDATION**

Based on consideration of the declarations, pleadings and exhibits to the present application, the Court RECOMMENDS as follows:

1. Plaintiff's application for default judgment be GRANTED;
2. Judgment be entered in this action against Defendants; and
3. Damages in the total amount of $32,400 be awarded as follows:
   a. For a violation of 47 U.S.C. § 605, the statutory sum of $10,000;
   b. For the violation of 47 U.S.C. § 605 (e)(3)(C)(ii), the total sum of $20,000; and
   c. For the conversion of Plaintiff's property, the sum of $2,400.

6

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 21, 2011**         /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE